# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JEZIGN LICENSING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 8:16-cv-1192-TDC |
| | ) | |
| NIKE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Nike, Inc. ("Defendant" or "Nike") through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Jezign Licensing, LLC ("Plaintiff" or "Jezign"), states as follows:

### PARTIES

1. Nike lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies the same.

2. Nike admits the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, Nike admits that Plaintiff's Complaint contains claims for patent infringement arising under 35 U.S.C. §§ 101 *et. seq.*

4. In response to Paragraph 4 of the Complaint, Nike lacks knowledge or information sufficient to form a belief as to whether Plaintiff has standing, and accordingly denies that this Court has subject matter jurisdiction over Plaintiff's patent claims in this particular case.

5.      Nike admits that it has transacted business in the State of Maryland and this District.  For the purposes of this action only, Nike does not contest that this Court has personal jurisdiction over Nike.  Nike denies all remaining allegations in Paragraph 5 of the Complaint.

6.      Nike does not contest that venue in this action is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,837,590

7.      Nike admits that a copy of U.S. Patent No. 6,837,590 ("the '590 patent") is attached as Exhibit A to the Complaint.   Nike otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore, denies the same.

8.      Nike denies the allegations of Paragraph 8 of the Complaint.

9.      Nike denies the allegations of the first clause of Paragraph 9 of the Complaint.

     a.      In response to Paragraph 9, subdivision a, of the Complaint, Nike admits that the '590 patent attached to the Complaint recites in claim 1, "An illuminated shoe comprising" and with the correction that claim 1 recites "a light source disposed within said sole."  Nike denies the remaining allegations of Paragraph 9, subdivision a.

     b.      In response to Paragraph 9, subdivision b, of the Complaint, Nike admits that the '590 patent attached to the Complaint recites in claim 1, "a push-button switch coupled to said light source to activate the light source." Nike denies the remaining allegations of Paragraph 9, subdivision b.

     c.      In response to Paragraph 9 subdivision c, of the Complaint, Nike admits that the '590 patent attached to the Complaint recites in claim 1, "the light

source provides continuous illumination across a substantial portion of the

perimeter surface regardless of whether the wearer is standing still or

walking."  Nike denies the remaining allegations of Paragraph 9,

subdivision c.

d.    In response to Paragraph 9, subdivision d, of the Complaint, Nike admits

that the '590 patent attached to the Complaint recites in claim 2, "includes

a plurality of contiguous light emitting devices disposed in said sole that

form a substantially uniform illumination pattern across the perimeter

surface."  Nike denies the remaining allegations of Paragraph 9,

subdivision d.

10.    Nike denies the allegations of Paragraph 10 of the Complaint.

**JEZIGN'S PRAYER FOR RELIEF**

Nike denies that Plaintiff is entitled to any of the relief sought in the Complaint and denies

all of the allegations in paragraphs a through e.

**NIKE'S AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of them,

Nike asserts the following affirmative defenses.

**First Affirmative Defense – Non-Infringement**

1.    Nike has not infringed, and is not infringing, either literally or under the doctrine

of equivalents, directly, contributorily, or by inducement, any valid and enforceable claim of the

'590 patent.

3

**Second Affirmative Defense – Invalidity**

2.      The asserted claims of the '590 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**Third Affirmative Defense – Limitation on Damages**

3.      Plaintiff's claims of infringement and/or claims for relief against Nike are barred in whole or in part under 35 U.S.C. §§ 286, 287, and/or 288.

**Fourth Affirmative Defense – Prosecution History Estoppel**

4.      To the extent Plaintiff alleges infringement under the doctrine of equivalents, Plaintiff's claims for relief are barred under the doctrine of prosecution history estoppel.

**Other Defenses Reserved**

5.      Nike reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including but not limited to unenforceability due to inequitable conduct.

**NIKE'S PRAYER FOR RELIEF**

WHEREFORE, Nike prays for the following relief:

A.      That this Court dismiss Plaintiff's Complaint against Nike with prejudice and that Plaintiff takes nothing thereby;

B.      That this Court award Nike all of its costs as allowed by law;

C.      That this Court find that this is an exceptional case and award Nike its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

D.     That this Court grant Nike such other and further relief as the Court deems just and proper.


Dated: June 30, 2016                          Respectfully submitted,

                                              WILMER CUTLER PICKERING HALE AND
                                              DORR LLP

                                              */s/ Elaine Zhong*

                                              Andrea W. Jeffries, *Pro Hac Vice*
                                              Derek A. Gosma, *Pro Hac Vice*
                                              Elaine Zhong, *Pro Hac Vice*
                                              350 South Grand Ave., Suite 2100
                                              Los Angeles, CA 90071
                                              Telephone: (213) 443-5300
                                              Facsimile: (213) 443-5400
                                              andrea.jeffries@wilmerhale.com
                                              derek.gosma@wilmerhale.com
                                              elaine.zhong@wilmerhale.com

                                              Jonathan G. Cedarbaum (Bar No. 27587)
                                              1875 Pennsylvania Avenue NW
                                              Washington, DC 20006
                                              Telephone: (202) 663-6000
                                              Facsimile: (202) 663-6363
                                              jonathan.cedarbaum@wilmerhale.com

                                              Attorneys for Defendant Nike Inc.