# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JEZIGN LICENSING, LLC,

      Plaintiff,

      v.

NIKE, INC.,

      Defendant.

Civil Action No. TDC-16-1192

## SCHEDULING ORDER

This Scheduling Order is entered pursuant to Local Rule 103.9.  The Order sets a date for submission of an Initial Joint Status Report and establishes deadlines and requirements for pretrial proceedings, including discovery.

Any inquiries concerning the schedule should be directed to Chambers, not to the Clerk's Office.  As set forth below, any party who believes that any deadline or requirement set forth in this Scheduling Order should be modified for this case may submit to the Court a written request for a modification of the Order as part of the Initial Joint Status Report.  Once the Court rules on that request, **the schedule will not be changed except for good cause.**

## I.    COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The  Court  requires  compliance  with  all  Local  Rules,  *available  at* www.mdd.uscourts.gov/publications/forms/LocalRules.pdf.

Parties represented by counsel are required to file electronically through the Court's Case Management/Electronic Case Filing (CM/ECF) system.[1]  Elec. Filing Reqs. & Procs. for Civ. Cases I(A) (D. Md. Apr. 2013), *available at* www.mdd.uscourts.gov/publications/forms/ Civil Manual FINAL.pdf.  Parties must use the electronic filing system to file documents with the Clerk and to send case-related correspondence to Chambers.  When a party electronically files a document that, including attachments, is 15 pages or longer, the party must also provide paper copies of the document and the notice of electronic filing.  *Id.* § III(B)(4).  The paper copies should be sent to the Clerk's Office.

---

[1] Self-represented parties who are not registered users of CM/ECF are not required to file documents electronically and may instead submit documents by mail or in person.  *See* Instructions for Filing a Civil Action on Your Own Behalf II(A) (D. Md. May 2013), *available at* www.mdd.uscourts.gov/publications/forms/InstructionsFilingCivilAction.pdf.

## II.    DEADLINES

The following motions or reports must be filed, or actions taken, by the listed date:

| | |
|---|---|
| July 28, 2016 | Initial Joint Status Report, *see* Part III |
| August 17, 2016 | Motions to amend the pleadings or for joinder of additional parties |
| September 1, 2016 | Plaintiff's Initial Disclosure of Infringement Contentions |
| October 3, 2016 | Defendant's Initial Disclosure of Infringement Contentions |
| October 31, 2016 | Plaintiff's Claim Chart and Claim Construction Statement |
| November 30, 2016 | Defendant's Responsive Claim Chart and Claim Construction Statement |
| December 30, 2016 | Joint Claim Construction Statement and Opening Claim Construction Briefs |
| January 30, 2017 | Responsive Claim Construction Briefs |
| February 28, 2017 | Plaintiff's Rule 26(a)(2) expert disclosures |
| March 30, 2017 | Defendant's Rule 26(a)(2) expert disclosures |
| April 13, 2017 | Plaintiff's rebuttal Rule 26(a)(2) expert disclosures |
| April 20, 2017 | Rule 26(e)(2) supplementation of disclosures and responses |
| May 15, 2017 | Completion of Discovery; submission of Post-Discovery Joint Status Report, *see* Part VII |
| May 22, 2017 | Requests for admission |
| June 12, 2017 | Dispositive pretrial motions |

Advice-of-Counsel disclosures will be due 30 days after the Court's Claim Construction ruling.

## III.    INITIAL JOINT STATUS REPORT

By the deadline listed above, the parties must submit an Initial Joint Status Report including the following:

1. **Requests for Modifications.**  The parties shall delineate any modifications they believe are necessary to the deadlines, default deposition hour limit, or other provisions of the Scheduling Order.  Any requests to modify the Scheduling Order must be accompanied by proposed new deadlines, deposition hour limits, or other amendments; a comparison of the proposed deadlines, deposition hour limits, or other amendments to the original terms; and an explanation of why the modification is needed.

2. **Report on Consent to Proceed Before a United States Magistrate Judge.**  The parties shall report on whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge.  Magistrate Judges are generally able to oversee civil cases and conduct civil trials more efficiently than United States District Judges, because of the District Judges' criminal caseload.  If the parties consent to have their case heard by a Magistrate Judge, each party shall complete the Consent Form, *available at* http://www.mdd.uscourts.gov/publications/forms /MagistrateGeneralConsent.pdf, and docket those completed forms on CM/ECF as "Correspondence."

3. **Report on Mediation with a United States Magistrate Judge.**  If the parties wish to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery, they shall provide a target date when they would like mediation to occur.  This request will not postpone discovery unless otherwise ordered.  Parties should be aware that mediation sessions are generally booked several months in advance.  If the parties seek a date within the next two months, they shall explain why an expedited session is necessary. The parties will be contacted by the Magistrate Judge assigned to the case to schedule the mediation session.  Note that if the parties choose to proceed before a Magistrate Judge for all further proceedings, a different Magistrate Judge will be assigned to the mediation session.

4. **Report on the Scope of Discovery**.  The parties shall provide a joint summary of the anticipated nature and extent of discovery in this case, with a view towards minimizing wasteful and unnecessary discovery.

5. **Patent-Specific Matters.**  The parties shall jointly propose (1) a limit on the number of patent claims that can be construed by each party; (2) the method by which the parties intend to educate the Court on the patent(s) at issue; and (3) a format for the

3

Claim Construction hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.

6. **Request for a Case Management Conference.**  The parties shall state whether they would like to have a Case Management Conference pursuant to Rule 16.

## IV.   CASE MANAGEMENT CONFERENCE

Upon request of the parties, or upon consideration of the Initial Joint Status Report, the Court may schedule a Rule 16 Case Management Conference, generally to be held within 10 days of the submission of the Initial Joint Status Report.  The Case Management Conference may be held by telephone or in court, as appropriate.  The Court will rule on requests for modification of the Scheduling Order at the Case Management Conference or by written order.

## V.   DISCOVERY

### A.  Initial Disclosures

This is an action in which Rule 26(a)(1) disclosures need not be made.

### B.  Discovery Conference

This action is exempted from the requirements of the first sentence of Rule 26(d) and from Rule 26(f), such that the parties may, as of the date of this order, commence with discovery. However, parties are expected to: (a) identify the issues subject to discovery, (b) set a discovery plan, (c) determine if the case can be resolved before incurring further litigation expense, and (d) establish a cordial professional relationship.

### C.  Discovery Procedures

All the provisions of Local Rule 104 apply, including the following:

1. All discovery requests must be served in time to assure that they are answered before the discovery deadline.  An extension of the deadline will not be granted because of unanswered discovery requests that have not come due.

2. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery.  The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

3. No discovery materials, including Rule 26(a)(2) disclosures, should be filed with the Court.

4

4. Any motion to compel shall be filed only after counsel have conferred and filed a certificate as required by Local Rule 104.7 and shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

5. Parties should be familiar with the Discovery Guidelines of this Court, contained in Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders.

### D.  Deposition Hours

Absent a request to increase or decrease deposition hours, each side shall be limited to 25 hours of depositions of fact witnesses, including parties.  If there are two or more parties on a particular side, they must share the allotted deposition time unless the Court rules otherwise upon a request from those parties.  Any colloquy engaged in by counsel shall be counted against the deposition time of that counsel's client.

### E.  Additional Requirements

During the course of discovery, the parties shall adhere to the following requirements:

1. **Cooperation.**   As set forth in Local Rule Appendix A: Discovery Guidelines, Guideline 1, the parties and counsel have an obligation to cooperate in planning and conducting discovery to ensure that discovery is relevant to the claims or defenses in the case, not excessively burdensome, and proportional to what is at issue in the case. *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii).

2. **Objections Stated with Particularity.**  Objections to interrogatories or requests for production must be stated with particularity.  Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Rule 37(a)(4).

3. **Electronically-Stored Information (ESI).**  If either or both parties intend to take discovery of ESI, counsel should review the Suggested Principles for the Discovery of Electronically Stored Information. The Principles, prepared by a joint bench/bar committee, is available at   http://www.mdd.uscourts.gov/publications/forms/ESI-Principles.pdf.  The parties are expected to cooperate in determining the search technology, methodology, and criteria to be employed, and the custodians whose files are to be searched, to comply with discovery requests for ESI.

4. **Non-Waiver of Attorney-Client Privilege or Work-Product Protection.**  The parties are expected to discuss a non-waiver agreement pursuant to Federal Rule of Evidence 502(e) and to promptly notify opposing counsel of any unintended disclosures.  If the parties enter into such an agreement, the Court may, pursuant to Federal Rule of Evidence 502(d), order that unintended disclosures do not waive the

privilege or protection in proceedings in this case and any other federal or state proceeding.

## VI.   PATENT-SPECIFIC MATTERS

**A. Objections.**   Unless otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (*e.g.*, interrogatory, document request, request for admission, deposition question) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, Section VIII of the Local Rules. A party may object, however, to responding to the following categories of discovery requests on the ground that they are premature in light of the timetable provided in Section VIII of the Local Rules:

1. Requests seeking to elicit a party's claim construction position;

2. Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

3. Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art;

4. Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents; and

5. Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.

Where a party properly objects to a discovery request as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under Part II of this order, unless there are other legitimate grounds for objection.

**B. Initial Disclosure of Infringement Contentions.**   In accordance with Local Rule 804.1(a), the Initial Disclosure of Infringement Contentions must separately set forth for each allegedly infringing party the following information:

1. Each claim of each patent that is allegedly infringed by each allegedly infringing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

2. Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each allegedly infringing party of which the party is aware. This identification shall

6

be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3. A chart identifying specifically where each limitation of each asserted claim is found within each accused instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused instrumentality that performs the claimed function;

4. For each claim that is alleged to have been indirectly infringed, an identification of any direct infringement, and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

5. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality;

6. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

7. The date of conception and the date of reduction to practice of each asserted claim;

8. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

9. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

C. **Document Production Accompanying the Initial Disclosure of Infringement Contentions.**   In accordance with Local Rule 804.1(b), the party claiming patent infringement shall, at the time the Initial Disclosure of Infringement Contentions is submitted, produce to each allegedly infringing party or make available for inspection and copying all documents related to:

1. Any offers to sell or efforts to market each claimed invention prior to the date of the application for the patent. (A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.);

7

2.  The standing of the party alleging infringement with respect to each patent upon which such allegations are based; and

3.  A copy of the file history for each patent in suit.

If any of the documents to be produced is not in English, an English translation of the portion(s) relied upon shall be produced.

**D. Initial Disclosure of Invalidity Contentions in Defense of Infringement Claims.** In accordance with Local Rule 804.1(c), the Initial Disclosure of Invalidity Contentions in Defense of Infringement Claims shall contain the following information:

1.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

2.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

3.  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

4.  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**E. Document Production Accompanying the Initial Disclosure of Invalidity Contentions.**  In accordance with Local Rule 804.1(d), the party opposing a claim of patent infringement shall, at the time the Initial Disclosure of Invalidity Contentions is

submitted, produce, or make available for inspection and copying a copy of any prior art identified in the Initial Disclosure of Invalidity Contentions that does not appear in the file history of the patent(s) at issue.  If any of the documents to be produced is not in English, an English translation of the portion(s) relied upon shall be produced.

**F.  Claim Chart.**  In accordance with Local Rule 805.1(a), the Plaintiffs' Claim Chart shall include the following information:

1.  Each claim of any patent in suit that the party alleges was infringed;

2.  Separately for each allegedly infringed claim, the identity of each accused apparatus, product, device, process, method, act, or other instrumentality of each allegedly infringing party;

3.  Whether such infringement is claimed to be literal or under the doctrine of equivalents;

4.  Where each element of each infringed claim is found within each accused instrumentality; and

5.  If the party alleging infringement wishes to preserve the right to rely on that party's own apparatus, product, device, process, method, act, or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**G.  Claim Construction Statement.**  In accordance with Local Rule 805.1(b), the Plaintiffs' Claim Construction Statement shall contain the following information for each claim in issue:

1.  Identification of any special or uncommon meanings of words or phrases in the claim;

2.  All references from the specification that support, describe, or explain each element of the claim;

3.  All material in the prosecution history that describes or explains each element of the claim; and

4.  Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

**H.  Responsive Claim Chart.**  In accordance with Local Rule 805.1(c), the Responsive Claim Chart shall contain the following:

1.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

2.  Whether the prior art anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

3.  Where, specifically, within each item of prior art each element of the claim is found;

4.  All grounds of invalidity other than anticipation or obviousness of any of the claims listed in the Claim Chart. This identification must be as specific as possible. For example, each party asserting a best mode defense must set forth with particularity what constitutes the inventors best mode, specifically citing information or materials obtained in discovery to the extent feasible. Each party asserting an enablement defense must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention; and

5.  If the claimant has alleged willful infringement, the date and a document reference number for each opinion of counsel upon which the party relies to support a defense to the willfulness allegation, including, but not limited to, issues of validity, and infringement of any patent in suit.

I.  **Responsive Claim Construction Statement.**  In accordance with Local Rule 805.1(d), the Responsive Claim Construction Statement shall contain the following:

1.  Identification of any special or uncommon meanings of words or phrases in the claim in addition to those disclosed in the Claim Construction Statement;

2.  All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those described in the Claim Construction Statement;

3. All material in the prosecution history that describes or explains each element of the claim in addition to or contrary to those described in the Claim Construction Statement; and

4. Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions, and citations to learned treatises, as permitted by law.

**J. Amendments.** In accordance with Local Rule 805.1(e), amendment of a Claim Chart or a Responsive Claim Chart may be made only on stipulation of all parties or by Order of the Court, which shall be entered only upon a showing of excusable subsequent discovery of new information or extraordinary good cause.

**K. Joint Claim Construction Statement.** In accordance with Local Rule 805.1(f), the Joint Claim Construction Statement shall contain the following information:

1. The construction of those claims and terms on which the parties agree;

2. Each party's proposed construction of each disputed claim and term, supported by the same information that is required in the respective claim construction statements; and

3. For any party who proposes to call one or more witnesses at any claim construction hearing, the identity of each such witness, the subject matter of his or her testimony, and an estimate of the time required for the testimony.

**L. Claim Construction Hearing.** After the Joint Construction Statement is filed, the Court will advise the parties if a hearing is to be scheduled.

**M. DVD Presentation.** If directed by the Court or on motion of a party, each party shall file under seal and serve a DVD or equivalent of no more than 30 minutes that includes a description of the technology at issue and a summary of the party's primary factual and legal positions. The presentations shall be filed pursuant to a schedule to be set by further order. That order will include an opportunity for each side to comment *ex parte* on the other's presentation.

**N. Advice of Counsel Disclosure.** In accordance with Local Rule 804.7, 30 days after this Court issues its ruling on Claim Construction, any party relying on advice of counsel as part of its claim shall:

1. Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

11

2. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary, as well as documents related thereto, for which the attorney-client and work product protection have been waived; and

3. Serve a privilege log identifying any documents, except those delineated above and those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice that the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with these requirements shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

## VII.  POST-DISCOVERY JOINT STATUS REPORT

On the day of the deadline for Completion of Discovery, *see* Part II, the parties shall file a Post-Discovery Joint Status Report covering the following matters:

1. Whether discovery has been completed;

2. Whether any motions are pending;

3. Whether any party intends to file a dispositive pretrial motion;

4. Whether the case is to be a jury trial or a non-jury trial and the anticipated length of trial;

5. A certification that the parties have met to conduct serious settlement negotiations, to include the date, time, and place of all settlement meetings and the names of all persons participating;

6. Whether each party believes it would be helpful to refer this case to a Magistrate Judge for a mediation session, either before or after the resolution of any dispositive pretrial motion;

7. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and

8. Any other matter that the parties believe should be brought to the Court's attention.

## VIII.   DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2(c) apply.

After all dispositive motions and any responses have been filed, the Court will advise the parties if a hearing is to be scheduled.

## IX.   PRETRIAL CONFERENCES

After receiving the Post-Discovery Joint Status Report, the Court will schedule an Initial Pretrial Conference, unless the Post-Discovery Joint Status Report indicates that one or more party intends to file a dispositive pretrial motion.  In the latter event, the Court will not schedule the Initial Pretrial Conference until after it has ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the Initial Pretrial Conference, the Court will:

1. Set a deadline for submitting the pretrial order pursuant to Local Rule 106, motions *in limine*, proposed voir dire questions, and proposed jury instructions;

2. Set the Final Pretrial Conference date and a trial date; and

3. Inquire whether a settlement conference with a Magistrate Judge would be useful. Counsel are expected to confer with their clients about this matter before the Initial Pretrial Conference so they can respond to this inquiry.

## X.   ATTORNEY'S FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with Local Rule 109.2 and Local Rule Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.

## XI.     COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2, which has detailed requirements requiring the redaction of filings with this Court that contain an individual's social security number, tax payer identification number, or birth date; the name of an individual known to be a minor; or a financial account number.  It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008, *available at* www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date:   July 18, 2016                                                          _____/s/_____
                                                                                         THEODORE D. CHUANG
                                                                                         United States District Judge