# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| JEZIGN LICENSING, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>NIKE, INC.,<br><br>      Defendant. | Civil Action No. TDC-16-1192 |

## INITIAL JOINT STATUS REPORT

Plaintiff Jezign Licensing, LLC ("Jezign") and Defendant Nike, Inc. ("Nike"), pursuant to the Court's Scheduling Order (Dkt. No. 19), have conferred and hereby respectfully submit this Initial Joint Status Report. The Parties' respective positions are set forth below for each of the following issues, as required by the Court's Order.

    1.    **Requests for Modifications.** The Parties respectfully request that the Court clarify the due date for Defendant's Initial Disclosure of Invalidity Contentions. The Scheduling Order presently states that Defendant's Initial Disclosure of **Infringement** Contentions is due on October 3, 2016 (Dkt. No. 19 at 2), which the Parties believe may be a typographical error. The Parties believe that the document should read "Defendant's Initial Disclosure of **Invalidity** Contentions" is due on October 3, 2016. Subject to this clarification, the Parties do not believe any other modification to the Scheduling Order is necessary.

Nike would also like to inform the Court that it anticipates petitioning the Patent and Trademark Office for *inter partes* review ("IPR") of the asserted patent in this case. Thereafter, Nike anticipates promptly requesting a stay of these proceedings in order to minimize duplication of effort and promote judicial efficiency.

2. **Report on Consent to Proceed Before a United States Magistrate Judge.** The parties do not consent to proceed before a Magistrate Judge.

3. **Report on Mediation with a United States Magistrate Judge.**

*Plaintiff's position:* Jezign believes that a mediation session with a Magistrate Judge would be productive, and would request that such a mediation occur at least 30 days after the deadline for filing Responsive Claim Construction Briefs (January 30, 3017).

*Defendant's position:* The parties are currently engaged in discussions in an attempt to resolve this case, and Nike is hopeful that the parties will be successful. If the parties are unable to resolve this case on their own, however, Nike is open to the prospect of mediation before a magistrate judge after Nike has received Jezign's infringement contentions. Nike believes that this timing will give the parties sufficient time to attempt to resolve the case on their own, but will also occur early enough to potentially avoid unnecessary expenses associated with claim construction.

4. **Report on the Scope of Discovery.**

   a. *Plaintiff's position:* Jezign will seek discovery regarding Nike's sales of the Nike Mag and Nike HyperAdapt products.

   b. *Defendant's position:* Nike believes that this matter can be resolved with limited and streamlined discovery efforts from both parties, far less than the limits imposed by the Federal Rules. For its part, Nike intends to seek limited documents and 1-2 depositions relating to the patent-in-suit and/or Jezign's business and licensing practices. Nike may also need to take 1-2 depositions of third-party witnesses regarding prior art. Nike also anticipates Jezign will similarly limit its discovery requests. Nike does not believe custodial ESI discovery will be necessary in this case from either party.

5. **Patent-Specific Matters.**

   a. **Construction Limits.**

   *Plaintiff's position:* Jezign proposes that each party is limited to construing ten claim terms of the three patent claims.

   *Defendant's position:* Nike believes the Parties should be limited to five claim terms total for claim construction, to be divided by agreement of the Parties.  Additional terms are unnecessary because the asserted patent is directed to illuminated shoes, has a very short specification (5 pages) and has only three claims.

   b. **Tutorial.**

   The Parties believe that a tutorial would be unnecessary, and that the Parties can adequately educate the Court through their respective claim construction briefs.

   c. **Claim Construction Hearing Format.**

   The Parties propose that Jezign make an opening argument, Nike make a responsive argument, and Jezign make its reply argument. At this time, the parties believe that live testimony would be unnecessary. The parties estimate the hearing will last two hours.

6. **Request for a Case Management Conference.**

   *Plaintiff's position:* Jezign does not request a Rule 16 conference at this time.

   *Defendant's position:* Nike believes that a telephonic case management conference would be useful to discuss the case and the other matters listed herein.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Andrew D. Freeman (Fed. Bar No. 03867) | Jonathan G. Cedarbaum (Bar No. 27587) |
| Albert Elia (Fed. Bar No. 14130) | Wilmer Cutler Pickering Hale and Dorr LLP |
| Brown Goldstein & Levy, LLP | 1875 Pennsylvania Avenue NW |
| 120 E. Baltimore St., Suite 1700 | Washington, DC 20006 |
| Baltimore, MD 21202 | Tel: (202) 663-6000 |
| Tel: (410) 962-1030 | Fax: (202) 663-6363 |
| Fax: (410) 385-0869 | jonathan.cedarbaum@wilmerhale.com |
| adf@browngold.com | |
| aelia@browngold.com | Andrea W. Jeffries, *pro hac vice* |
| | Derek Gosma, *pro hac vice* |
| Matthew M. Wawrzyn, *pro hac vice* | Elaine Zhong, *pro hac vice* |
| Wawrzyn & Jarvis LLC | Wilmer Cutler Pickering Hale and Dorr LLP |
| 233 S. Wacker Dr., 84th Floor | 350 South Grand Ave., Suite 2100 |
| Chicago, IL 60606 | Los Angeles, CA 90071 |
| Tel: (847) 274-9844 | Tel: (213) 443-5300 |
| Fax: (312) 283-8331 | Fax: (213) 443-5400 |
| matt@wawrzynlaw.com | andrea.jeffries@wilmerhale.com |
| | derek.gosma@wilmerhale.com |
| *Counsel for Plaintiff Jezign Licensing, LLC* | elaine.zhong@wilmerhale.com |
| | |
| | *Counsel for Defendant Nike Inc.* |

Dated:  July 28, 2016